The FOGGY BOTTOM ASSOCIATION, et al., Petitioners,

v.

DISTRICT OF COLUMBIA ALCOHOLIC BEVERAGE CONTROL BOARD, Respondent.

Alamac, Inc., t/a the River Inn, Intervenor.

No. 79–1204.

District of Columbia Court of Appeals.

Argued Feb. 24, 1981.

Decided May 6, 1982.

---

Roger A. Kindler, Washington, D.C., for petitioners. Dorothy Sellers and J. Jonathan Schraub, Washington, D.C., filed a brief in behalf of petitioners.

Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., and Leo N. Gorman, Asst. Corp. Counsel, Washington, D.C., filed appearances in behalf of respondent.*

Bruce E. Parmley, Washington, D.C., with whom Eugene M. Propper, Washington, D.C. was on the brief, for intervenor.

Before KELLY and NEBEKER, Associate Judges, and GALLAGHER, Associate Judge, Retired.**

PER CURIAM:

The District of Columbia Alcoholic Beverage Control Board granted a Class C liquor license to the intervenor, Alamac, Inc., t/a The River Inn. Petitioners, The Foggy Bottom Association, challenge the grant on several grounds:

(1) The Board's findings were not supported by substantial evidence;

---

* Respondent's Motion for Leave to Adopt Brief of Intervenor was granted on January 5, 1981.

** Judge Gallagher was an Associate Judge of the court at the time the case was argued. His status changed to Associate Judge, Retired, on February 27, 1981.

(2) The River Inn was not an appropriate place for a liquor license;

(3) The Board failed to properly address the issues and concerns raised by the Advisory Neighborhood Commission; and

(4) The Board erroneously declined to reopen the record.

We affirm.

The River Inn is located at 924–25th Street, N.W., a residential area in the Foggy Bottom area. The River Inn, formerly an apartment house, was converted into an apartment hotel and received a certificate of occupancy in February 1979, for use of the premises as a hotel and dining room. The River Inn applied to the Board for a Class C liquor license for its hotel restaurant known as the Foggy Bottom Cafe. The application was opposed by petition of the neighborhood residents, by resolution of the Foggy Bottom Association (hereafter Association), and by the Advisory Neighborhood Commission (hereafter ANC).

Hearings were held for three days in January 1979. At the hearings it was determined that the Foggy Bottom Cafe is a small restaurant, with only 42 table seats and eight bar seats. There is no area for live entertainment. The only entryway is through the hotel lobby and there is no sign in front of the premises advertising the dining room. The hotel has some valet parking available. The Association's and the ANC's opposition to the granting of the license stemmed from their concern over the commercialization of the residential area and an exacerbation of already existing parking problems.

Some three months after the hearings, the Association moved to reopen the record to admit newly discovered evidence. The River Inn did not object, but the Board denied the motion to reopen the hearings. The Board later issued proposed findings of fact and conclusions of law in favor of The River Inn. The Association filed exceptions and oral argument was heard before the Board, which issued its final findings of fact and conclusions of law and an order granting the license.

■ The standard to be applied by this court in reviewing agency decisions was articulated in *Spevak v. District of Columbia Alcoholic Beverage Control Board*, D.C. App., 407 A.2d 549, 553 (1979), as a threefold test:

(1) Its findings must be supported by substantial evidence apparent from the record as a whole;

(2) The agency must make findings on all contested issues material to the underlying substantive statute or rule; and

(3) The agency's conclusions of law must be derived rationally from findings that are in accord with the underlying statute.

■ The Association first urges us to remand to the Board for further consideration the matter of the granting of the license because the evidence was unsupported by substantial evidence on the record. Substantial evidence means more than a mere scintilla, *i.e.*, such relevant evidence as reasonable minds might accept as adequate to support the conclusion. *Kopff v. District of Columbia Alcoholic Beverage Control Board*, D.C.App., 381 A.2d 1372, 1387 (1977); *Vestry of Grace Parish v. District of Columbia Alcoholic Beverage Control Board*, D.C.App., 366 A.2d 1110, 1112 (1976). The evidence before the Board was sufficient to support the conclusions. The Board noted that much of the opposition related to the commercialization and parking problems of the area. However, these complaints relate to the preexisting hotel and restaurant; the hotel and restaurant would continue to exist even without the liquor license. The existence of some evidence to the contrary does not permit this court to substitute its judgment for that of the Board. *Spevak, supra* at 554. Thus, we find that the first prong of the *Spevak* test requiring that the Board's findings be supported by substantial evidence apparent from the record as a whole has been met.

■ Secondly, the Association contends that the Board erroneously determined that the place for which the license was to be

issued was an appropriate one "considering the character of the premises, its surroundings, and the wishes of the persons residing or owning property in the neighborhood of the premises for which the license is desired." D.C.Code 1981, § 25–115(a)(6). In particular, the Association asserts that the Board did not adequately address the "surroundings" question. We disagree. The Board stated in its findings:

> There is insufficient evidence that the presence of an ABC license would alter the character of the neighborhood in any demonstrable degree in that the hotel and the dining facility are operating in any event. . . .

After reviewing the record, we conclude that the Board adequately addressed and made findings on this issue and on all the material issues as required by the second prong of the *Spevak* test.

The Association asserts thirdly that the Board failed to properly address the issues and concerns raised by the ANC. By statute, the Board is required to give "great weight" to the issues and concerns raised by the ANC. D.C.Code 1981, § 1–261(d). In *Kopff, supra* at 1384, we elaborated upon the statutory requirement:

> It means, rather, that an agency must elaborate, with precision, its response to the ANC issues and concerns. It is a statutory method of forcing an agency to come to grips with the ANC view—to deal with it in detail, without slippage.

The concerns raised by the ANC revolved around the preservation of the noncommercial, residential nature of the area, and the exacerbation of existing parking and traffic problems. We find these contentions to be without merit. The Board addressed every issue and concern raised by the ANC, and reiterated that the commercialization and parking problems would exist whether or not the license was granted.

█ Finally, the Association argues that the Board erred by not reopening the record to admit new evidence, *months* after the three days of hearings had ended. We agree with the court in *Vestry of Grace Parish, supra* at 1114:

> This matter had been thoroughly litigated, with both parties represented by counsel, over a period of several months. All concerned . . . had sufficient opportunity to present evidence. . . . Litigation must end sometime.

The Board, in this case, allowed all types of evidence to be admitted at the hearings. Additionally, oral argument was heard before the final findings and conclusions were issued. We conclude that it was not error to decline to reopen the record.

The conclusions of law flow rationally from the findings and thus the third prong of the *Spevak* test is satisfied.

After a review of the record, we are unpersuaded that any of petitioners' contentions have merit. Accordingly, the Board's findings are

*Affirmed.*